UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON MCGUIRE AND SUSAN
MCGUIRE

CIVIL ACTION

VERSUS

NO. 25-393

B. BRAUN MEDICAL INC., B.
BRAUN INTERVENTIONAL
SYSTEMS, INC., B. BRAUN
MEDICAL

SECTION "R" (1)


**ORDER AND REASONS**

Before the Court is an opposed[1] motion to dismiss under Federal
Rule of Civil Procedure 12(b)(2) filed by defendant B. Braun Medical
("Braun France").[2]  For the following reasons, the Court grants the
motion to dismiss.


I.    **BACKGROUND**

On February 26, 2025, plaintiffs brought this Louisiana products
liability case involving the Braun VenaTech LP, an inferior vena cava
filter,[3] against B. Braun Medical Inc. ("BMI"), B. Braun Interventional
Systems Inc., ("BIS"), and Braun France.  BIS and BMI each distributed

---

[1]    R. Doc. 37.
[2]    R. Doc. 32.
[3]    R. Doc. 1.

the VenaTech LP throughout the United States.[4]  Braun France is a French corporation that manufactures the VenaTech LP.[5]  Defendant Braun France now moves to dismiss the claims against it for lack of personal jurisdiction.[6]  Braun France asserts that it is subject to neither general nor specific jurisdiction in Louisiana.[7]  Plaintiffs oppose the motion. [8]

The Court considers the motion below.

## II.   LEGAL STANDARD

Personal jurisdiction "is an essential element of the jurisdiction of a district court, without which it is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (internal citation omitted).  When a nonresident defendant moves the court to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden to show that personal jurisdiction exists. *Stuart v. Spademan*, 772 F. 2d 1185, 1192 (5th Cir.

---

[4]    R. Doc. 43 at ¶¶ 2, 3; R. Doc. 32-3 at ¶¶ 17-18.
[5]    R. Doc. 43 at ¶ 4; R. Doc. 32-3 at ¶ 17.
[6]    R. Doc. 36.
[7]    *Id.*
[8]    R. Doc. 37.

1985).  When the court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, as in the present case, the nonmoving party need only make a *prima facie* showing of jurisdiction.  *Godhra v. United States Tobacco Co., Inc.*, 188 F. 3d 619, 625 (5th Cir. 1999).  The allegations of the complaint, except as controverted by opposing affidavits, must be taken as true, and all conflicts in the facts must be resolved in favor of plaintiffs.  *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).

A court has personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that defendant, and (2) the forum state's exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002).  Because Louisiana's long-arm statute, La. R.S. § 13:3201, *et seq.*, extends jurisdiction to the full limits of due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements.  *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F. 3d 331, 336 (5th Cir. 1999) (citing La. R.S. § 13:3201(B)).

The exercise of personal jurisdiction over a nonresident defendant satisfies due process when (1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing "minimum contacts" with that state, and (2) exercising personal jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Revell*, 317 F.3d at 470 (quoting *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999)).

There are two ways to establish minimum contacts: specific jurisdiction and general jurisdiction. *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004). General jurisdiction will attach, even if the act or transaction sued upon is unrelated to the defendant's contacts with the forum state, if the defendant has engaged in "continuous and systematic" activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415 (1984). Contacts between a defendant and the forum state must be "extensive" to satisfy the "continuous and systematic" test. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

Specific jurisdiction exists when a nonresident defendant "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868 (5th Cir. 2001). Minimum contacts may be established by actions, or even just a single act, by the nonresident defendant that "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

When the cause of action relates to the defendant's purposeful contact with the forum, the "minimum contacts" requirement is met. *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 374 (5th Cir. 1987) (Specific jurisdiction is proper as long as defendant's contact resulted from its "purposeful conduct and not the unilateral activity of the plaintiff."); *see also Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This restriction on the minimum contacts inquiry ensures that the defendant "purposefully availed" itself of the benefits of the forum state such that it could "reasonably anticipate being haled into court there." *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (internal

quotations omitted) (quoting *Burger King*, 471 U.S. at 474); *see also Bearry*, 818 F. 2d at 375.

## III.    DISCUSSION

### A.    General Personal Jurisdiction

Plaintiffs' complaint does not allege a *prima facie* case of general personal jurisdiction.    To establish general personal jurisdiction, plaintiffs must show "continuous and systematic" contacts with the forum such that Braun France is "essentially at home" there. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Plaintiffs have not alleged such contacts.    The Fifth Circuit has stated that it is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 336 (5th Cir. 2020) (quoting *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014)).    Here, plaintiffs state that Braun France is a French corporation that has "engaged in business in the United States including Louisiana."[9]  Specifically, plaintiffs allege that Braun France "designed,

---

[9]      R. Doc. 43 at ¶ 2; R. Doc. 1 at ¶ 4.

set specifications for, manufactured, prepared, compounded, assembled, processed, marketed, distributed, and/or sold" the Braun VenaTech LP to be used in patients throughout the United States.[10] These allegations are insufficient to establish general personal jurisdiction. Plaintiff simply alleges that defendant produced and sold a product for distribution in the United States, including Louisiana. This is a far cry from facts that establish that defendant is "at home" in Louisiana. Accordingly, Braun France is not subject to general personal jurisdiction in Louisiana.

## B. Specific Personal Jurisdiction

The Court finds that Braun France is not subject to specific personal jurisdiction. Because the Louisiana Long Arm Statute is coextensive with constitutional due process, the Court's focus is solely on whether the exercise of its jurisdiction in this case satisfies federal due process requirements. *Dickson Marine Inc.*, 179 F. 3d at 336. The exercise of personal jurisdiction is consistent with due process when: "(1) the defendant has purposefully availed itself of the benefits and protections of the forum state by establishing 'minimum contacts' with

---

[10]    R. Doc. 43 at ¶ 4; R. Doc. 1 at ¶ 4.

that state; and (2) the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Choice Healthcare, Inc. v. Kaiser Found. Health Plan of Colo.*, 615 F.3d 364, 367 (5th Cir. 2010).  Further, the litigation must arise out of the defendant's contacts with the forum state.  *Helicopteros*, 466 U.S., at 414.

Plaintiffs allege that there is personal jurisdiction over Braun France based on its role in designing, manufacturing, and supplying an allegedly defective medical device for distribution in the United States, including Louisiana.  Additionally, plaintiffs contend that Braun France is a "parent, subsidiary, division, affiliate, or sister company" of defendants BMI and BIS.[11]  Plaintiffs also argue that Braun France provided "support services" in Louisiana by providing contact information in a handout that was provided to Shannon McGuire.[12]

Braun France submits a declaration of Christelle Garier-Reboul, President of Braun France, attesting that it is a separate legal entity from defendants BIS and BMI, and that it does not have a parent or subsidiary

---

[11]    R. Doc. 43 at ¶ 4; R. Doc. 1 at ¶ 4.
[12]    R. Doc. 37 at 7.

corporate relationship with BIS or BMI.[13]  It further declares that BIS distributes the VenaTech LP under a distributorship agreement between Braun France and BIS.[14]  Braun France attests that under the distributorship agreement Braun France has no involvement in the distribution of VenaTech LPs' after BIS purchases the devices.[15] Specifically, Braun France attests that it cannot "instruct or direct BIS to distribute or sell the VenaTech LP to specific hospitals and healthcare providers, or within certain geographical locations."[16]  Moreover, Braun France declares that it did not design, manufacture, or test the VenaTech LP in Louisiana, that it does not advertise or solicit business in Louisiana, and that it does not render services in Louisiana.[17]

The minimum contacts requirement is met under the "stream of commerce" theory so long as "the defendant delivered the product into the stream of commerce with the expectation that it would be purchased by or used by consumers in the forum state."  *Ainsworth v. Moffett Eng'g Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).  The stream of commerce

---

[13]    R. Doc. 32-3 at ¶¶ 23, 25.

[14]    *Id.* at ¶ 17.

[15]    *Id.* at ¶ 20.

[16]    *Id.*

[17]    *Id.* at ¶¶ 10, 12-13.

theory usually involves a nonresident defendant, that while acting outside the forum, places in the stream of commerce a product that ultimately causes harm inside the forum. *Goodyear*, 564 U.S. at 926. In the Fifth Circuit, "mere foreseeability or awareness [is] a constitutionally sufficient basis for personal jurisdiction if the defendant's product made its way into the forum state while still in the stream of commerce." *Ainsworth*, 716 F.3d at 177; *see also Zoch v. Magna Seating (Germany) GmbH*, 810 F. App'x 285, 290 (5th Cir. 2020). *But see Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102 (1987). But the defendant's contacts must still be "more than 'random, fortuitous, or attenuated, or of the unilateral activity of another party or third person.'" *Ainsworth*, 716 F. 3d at 177 (cleaned up).

The Fifth Circuit distinguished the facts in *Ainsworth* from those in *J. McIntyre Machinery v. Nicastro*, 564 U.S. 873 (2011), a then-recently decided Supreme Court case. In *Nicastro*, a plaintiff attempted to hale a foreign corporation into New Jersey state court after one of the corporation's machines caused the plaintiff injury. *Nicastro*, 564 U.S. at 878. The New Jersey Supreme Court asserted jurisdiction over the foreign corporation based on three facts: "(1) [t]he American Distributor

on one occasion sold and shipped one machine to a New Jersey customer . . .; (2) the [foreign] Manufacturer permitted, indeed wanted, its independent American Distributor to sell its machines to anyone in America willing to buy them; and (3) representative of the [foreign] Manufacturer attended trade shows in [cities in the United States, none of which were located in New Jersey]." *Id.* In overturning the Supreme Court of New Jersey, the United States Supreme Court held that because "[a] single sale of a product in a State does not constitute an adequate basis for asserting jurisdiction over an out-of-state defendant," the plaintiff had not met his burden of establishing jurisdiction. *Id.* at 888. The plurality opinion went on to list several factors that, if present with the sale, could create contact sufficient to establish jurisdiction. *Id.*

In *Ainsworth*, the Fifth Circuit highlighted key differences from *Nicastro*, to find that personal jurisdiction over a foreign manufacturer existed despite the manufacturer's having no direct contact with the forum states except through its United States distributor. 716 F. 3d at 176-79.[18] In *Ainsworth*, a plaintiff attempted to hale into court a foreign

---

[18]    The Fifth Circuit later explained their own decision in *Ainsworth* as "reaffirm[ing] the validity of [the Circuit's] stream-of-commerce test despite the Supreme Court's interjection on the

corporation that designed and manufactured a forklift that injured plaintiff's husband. *Id.* at 178. The foreign manufacturer distributed its forklifts throughout the United States through an exclusive distribution agreement with a Delaware corporation with its principal place of business in Ohio. *Id.* at 176. In concluding that jurisdiction existed, the Fifth Circuit explained that:

> From 2000 through September 2010, [the foreign manufacturer] sold 13,073 forklifts to [the United States Distributor], worth approximately $254,000,000. [the United States Distributor] sold 203 of these forklifts, worth approximately $3,950,000, to customers in [the forum state]. Those . . . sales accounted for approximately 1.55% of [the Manufacturer's] United States sales during that period.

*Id.* at 179. The Fifth Circuit went on to conclude that while the Manufacturer "did not have specific knowledge of sales" by the Distributor in the forum state, "it reasonably could have expected that such sales would be made, given that [the forum state] is the fourth largest poultry-producing state in the United States." *Id.*

---

topic in *McIntyre*." *Zoch*, 810 F. App'x at 290. The Fifth Circuit added that the although the test was in tension with Justice Kennedy's plurality opinion, because the concurrence providing the narrowest opinion "simply applied existing Supreme Court precedent to the specific facts presented in that case, [the Circuit's] pre-*McIntyre* stream-of-commerce holdings were not abrogated." *Id.*

Plaintiffs here have not made nearly as strong a showing of foreseeability as in *Ainsworth*. Plaintiffs have not provided any allegations that the quantity of Braun France's sales, advertising, or marketing in Louisiana is high enough that being haled into Louisiana is foreseeable. Nor have plaintiffs alleged that there is something special about Louisiana that would lead Braun France to "reasonably" expect a large volume of sales might be made. Simply put, plaintiffs have failed to plausibly allege any of the conditions that the Fifth Circuit relied on to find foreseeability in *Ainsworth*.

Plaintiffs additionally alleges no specific facts to show foreseeability based on Braun France's having specific knowledge or an expectation that its product is being sold in Louisiana. Plaintiffs make no specific allegations that Braun France has employees, offices, or facilities in Louisiana, advertises specifically in Louisiana, makes any direct sales in Louisiana, or directs that its products be sold in Louisiana. In fact, defendant provides an affidavit stating that Braun France does not engage in any of those activities.[19]

---

[19]     R. Doc. 32-3 at ¶¶ 6-7, 9, 12-14, 16.

Plaintiffs urge that an Instructions for Use handout, provided to Shannon McGuire, shows that Braun France provided support services in Louisiana, thereby establishing foreseeability.[20]  Plaintiffs state this handout was used as a brochure for the VenaTech LP, and that it was provided to Shannon McGuire in Louisiana.[21]  The handout does not show that Braun France provided support services in Louisiana.  All it shows is that Braun France is the manufacturer of the VenaTech.  While the handout does provide a French address and fax number for Braun France, this is included as information on the manufacturer.[22]  In multiple places the handout states that the VenaTech LP was manufactured for BMI in Pennsylvania, and a United States phone number, fax number, and website are provided "for orders" and "for clinical/technical support."[23]  The inclusion of an address and fax number on a general brochure that directs inquiries "for orders" and "for clinical/technical support" to the United States distributor based in a different state than the forum is insufficient to establish that

---

[20]    R. Doc. 37.
[21]    *Id*. at 2-3.
[22]    R. Doc. 37-2 at 8, 15.
[23]    *Id*. at 8, 14-15.

defendant had actual knowledge or expected its product to be used in Louisiana.

Plaintiff has failed to make a prima facie case for jurisdiction. The Court therefore need not evaluate whether the exercise of jurisdiction over Braun France would comport with traditional notions of fair play and substantial justice.

## IV.  CONCLUSION

For the foregoing reasons, defendant's motion is GRANTED.

New Orleans, Louisiana, this   18th   day of November, 2025.


_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE