UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHANNON MCGUIRE AND SUSAN MCGUIRE | CIVIL ACTION |
| VERSUS | NO. 25-393 |
| B. BRAUN MEDICAL INC., B. BRAUN INTERVENTIONAL SYSTEMS INC., B. BRAUN MEDICAL | SECTION "R" (1) |

**ORDER AND REASONS**

Before the Court is the partial motion to dismiss plaintiff's amended complaint of defendants B. Braun Medical Inc. and B. Braun Interventional Systems Inc.'s (collectively "Braun").[1] Plaintiffs Shannon and Susan McGuire oppose the motion.[2] For the following reasons, the Court grants defendants' motion.

## I. BACKGROUND

Plaintiffs bring this Louisiana products liability case regarding the Bruan VenaTech LP (the "device"), an inferior vena cava ("IVC") filter. Plaintiffs allege that in September 2008, Shannon McGuire underwent

---

1 R. Doc. 46.
2 R. Doc. 54.

placement of the device at St. Tammany Parish Hospital.[3] Plaintiffs allege that around November 2016, a catheterization with visualization of Shannon McGuire's IVC displayed it to be unobstructed.[4] Plaintiffs further allege that in June 2024, Shannon McGuire presented to the St. Tammany Parish Hospital Emergency Department following three to four days of melena, left lower quadrant abdominal pain, weakness, and other symptoms.[5] Shannon McGuire allegedly underwent testing that suggested impaired blood clotting and a CT scan which raised concerns regarding the device.[6] Specifically, plaintiffs allege that the CT scan revealed that the device had tilted and migrated, Shannon McGuire's IVC was perforated, and two struts were fractured, the tips of which penetrated and perforated his IVC.[7] Shannon McGuire's condition will allegedly require substantial care including future surgery.[8] Plaintiffs allege that Shannon McGuire has suffered and will continue to suffer significant medical expenses, pain and suffering, loss of enjoyment of life, disability, other losses, and will require ongoing medical

3 R. Doc. 43 at ¶¶ 1, 64-65.
4 *Id.* at ¶ 67.
5 *Id.* at ¶ 68.
6 *Id.* at ¶¶ 68-69.
7 *Id.* at ¶ 71.
8 *Id.* at ¶¶ 72-74, 81-88.

care.[9] Plaintiffs further allege that Susan McGuire, Shannon McGuire's wife, has sustained loss of consortium, loss of services, and loss of society.[10]

On February 26, 2025, plaintiffs filed suit in this Court.[11] In their original complaint plaintiffs brought two claims, one under the Louisiana Products Liability Act ("LPLA") and the other for redhibitory defect.[12] Defendants B. Braun Medical Inc. and B. Braun Interventional Systems Inc. brought a motion to dismiss plaintiff's claims.[13] This Court granted the motion to dismiss and provided plaintiffs leave to amend their LPLA claims.[14] The Court did not grant leave to amend the redhibitory defect claim as plaintiffs represented that they were withdrawing that claim.[15] Plaintiffs timely filed an amended complaint.[16] They once again bring an LPLA claim and a redhibitory defect claim.[17]

---

9 *Id.* at ¶ 92.

10 *Id.* at ¶ 93.

11 *See generally R. Doc. 1.*

12 *Id.* at ¶¶ 54-72.

13 R. Doc. 13. Former defendant B. Braun Medical separately brought a motion to dismiss for lack of personal jurisdiction, R. Doc. 32, which this Court granted, R. Doc. 52. B. Braun Medical is therefor no longer a party to this lawsuit and any future reference to defendants or "Braun" refers only to B. Braun Medical Inc. and B. Braun Interventional Systems Inc.

14 R. Doc. 42.

15 *Id.*

16 R. Doc. 43.

17 *See generally id.*

Defendants now bring a partial motion to dismiss the amended complaint, arguing that the redhibitory defect claim should once again be dismissed and that Susan McGuire's loss of consortium claim should be dismissed.[18] Plaintiffs once again represent that they are withdrawing the redhibitory defect claim, averring that it was inadvertently re-pled.[19] Plaintiffs oppose defendants' motion as to Susan McGuire's claim.[20] The Court considers the parties' arguments below.

## II. LEGAL STANDARD

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable

---

18 R. Doc. 46.
19 R. Doc. 54.
20 *Id.*

inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the party's claim is true. *See Iqbal*, 556 U.S. at 678. It need not contain "detailed factual allegations," but it must go beyond "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *See id.* (quoting *Twombly*, 550 U.S. at 555). In other words, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand*, 565 F.3d at 257 (citations omitted). The claim must be dismissed if there are insufficient factual allegations "to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *see Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Redhibitory Defect

Plaintiffs previously withdrew their claim for redhibitory defect, conceding that it is prescribed. This constituted a judicial admission.

Accordingly, this Court dismissed the claim with prejudice. Plaintiffs now aver that the claim was inadvertently included in the amended complaint. They once again concede that the claim is prescribed and withdraw the claim. Accordingly, the Court dismisses with prejudice plaintiffs' claim for redhibitory defect.

**B. Loss of Consortium**

Louisiana law recognizes a cause of action for loss of consortium. *Ferrell v. Fireman's Fund Ins. Co.*, 696 So. 2d 569, 573 (La. 1997). Such a claim is "derivative" of the predicate tort claim, *id.* at 576, and the paradigmatic plaintiff for such a claim is the spouse of the tort claimant, *id.* at 573.

Here, plaintiffs allege that Shannon and Susan McGuire are married. They allege that Shannon McGuire has suffered injuries because of the device. And they allege that, "as a direct and proximate result of the incident, and the injuries caused to [Shannon McGuire], Susan McGuire has sustained loss of consortium, loss of services and loss of society."[21] However, the allegation does not provide any specific facts to show that any loss was suffered. Susan McGuire's allegation of loss of consortium, loss of services, and loss of society is entirely conclusory. It contains nothing more than a

---

21 R. Doc. 43 at ¶ 93.

recitation of the cause of action. It does not go beyond "labels and conclusions." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The claim is thus inadequate as currently pled. Plaintiffs seek leave to amend. The Court grants plaintiffs' request for leave to amend the complaint only as to the loss of consortium claim. *See Young v. U.S. Postal Serv. ex rel. Donahoe*, 620 F. App'x 241, 245 (5th Cir. 2015) (explaining that leave to amend should ordinarily be granted).

## IV. CONCLUSION

For the foregoing reasons, the Court grants defendants' motion to dismiss. The Court DISMISSES Susan McGuire's loss of consortium claim WITHOUT PREJUDICE and with LEAVE TO AMEND the loss of consortium claim within the complaint within fourteen days of this order. The Court DISMISSES plaintiffs' claim for redhibitory defect WITH PREJUDICE. Plaintiffs shall not replead the claim for redhibitory defect in any amended complaint.

New Orleans, Louisiana, this 16th day of December, 2025.

Sarah Vance

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE