UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON MCGUIRE AND SUSAN
MCGUIRE

CIVIL ACTION

VERSUS

NO. 25-393

B. BRAUN MEDICAL INC. AND B.
BRAUN INTERVENTIONAL
SYSTEMS INC.

SECTION "R" (1)

## **ORDER AND REASONS**

Before the Court is the joint motion of plaintiff and defendants to amend the scheduling order.[1] The parties aver that plaintiffs' counsel have prior disclosed scheduling conflicts during the currently set trial date.[2] They state that said conflicts were disclosed during the original scheduling conference, and that the conflicts have not dissipated in the interim.[3] The parties additionally state that they have been diligently engaging in discovery as well as settlement negotiations.[4]

Federal Rule of Civil Procedure 16(b) provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard requires the party seeking

---

[1]    R. Doc. 64.
[2]    *See id.*
[3]    *See id.*
[4]    *See id.*

relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enter., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal citations omitted). Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996). In deciding whether to grant a continuance, the Court's "judgment range is exceedingly wide, for . . . [it] must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000) (quoting *HC Gun & Knife Shows, Inc. v. City of Houston*, 201 F.3d 544, 549-50 (5th Cir. 2000) (internal quotation marks omitted)).

Here, the parties have demonstrated good cause to reset the trial date. Counsels' conflicts, which they aver pre-existed this matter, provide sufficient reason to move trial. However, the parties have not provided good cause to move all associated deadlines. Counsels' conflicts with the trial date itself does not provide good cause to move all pre-trial deadlines. Nor does the parties' representation that additional time in the schedule may help them negotiate a settlement. The parties can work toward meeting pre-trial deadlines and a negotiated settlement at the same time.

Accordingly, the joint motion of the parties is GRANTED IN PART. The trial, pretrial conference, and pretrial order deadlines shall be reset at a scheduling conference held BY TELEPHONE on **APRIL 16, 2026, at 10:00 a.m.** The parties shall call in for the teleconference using phone number (833) 990-9400, Access Code: 124518418. The Court will be represented by its Case Manager at the scheduling conference.

The motion is otherwise DENIED. All other deadlines shall remain as set in the September 4, 2025 scheduling order.[5]

New Orleans, Louisiana, this 6th day of April, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5]    R. Doc. 40.