UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANNON MCGUIRE ET AL.                         CIVIL ACTION

VERSUS                                                        NO. 25-393

B. BRAUN MEDICAL INC. ET AL.                  SECTION R

## **ORDER & REASONS**

Before the Court is a joint motion of plaintiffs Shannon McGuire and Susan McGuire and defendants B. Braun Medical Inc. and B. Braun Interventional Systems Inc. to amend the scheduling order.[1]  The Court denies the motion.

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] scheduling order may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The "good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (citation modified).  Whether to grant or deny a continuance is within the sound discretion of the trial court. *United States v. Alix*, 86 F.3d 429, 434 (5th Cir. 1996).

---

[1]      R. Doc. 79.

The parties have already asked for and received a continuance of the trial date and pre-trial deadlines.[2]  The motion now before the Court seeks a further extension of several deadlines the Court has already extended by three months.

The Court finds that the parties have not met the good cause standard here.  *See S&W Enters., L.L.C.*, 315 F.3d at 535.  One reason the parties give for their claimed need for a continuance is the difficulty in taking depositions of plaintiff's treating physicians because of the physicians' busy schedules.[3]  The Court is unpersuaded by this reason.  The parties raised the same issue in their earlier motion to amend the scheduling order and were granted three additional months to take these depositions.[4]  The Court also notes that witnesses can be subpoenaed pursuant to Federal Rules of Civil Procedure 30.  ("A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2).  The deponent's attendance may be compelled by subpoena under Rule 45.").

The parties further state that they have encountered difficulties in obtaining plaintiff's medical records.  The Court is unpersuaded for the same reason.  The parties have already asked for and received a three-month

---

[2]     R. Docs 64, 65, 66, 67.
[3]     R. Doc. 79 at 2.
[4]     R. Doc. 66 at 2; R. Doc. 67.

extension to obtain these records,[5] and they have provided no information in the motion currently before the Court detailing what steps have been taken in those three months or why those steps have been futile.

Finally, the parties state that production of written documents identified several corporate fact witnesses who the parties believe must be deposed. The parties still have nearly a month to conduct these depositions.

For the foregoing reasons, the Court DENIES the motion to modify the scheduling order.

New Orleans, Louisiana, this __31st__ day of July, 2026.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[5] R. Doc. 66 at 2–3; R. Doc. 67.